**E-Filed 12/2/05**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINGO ALVAREZ, et al., | Case Number C 04-03182-JF |
| Plaintiffs, | ORDER[1] GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CITY OF LOS ALTOS, et al., | [Docket No. 20] |
| Defendants. | |

Defendants City of Los Altos ("City"), Police Officer Scott McCrossin ("McCrossin"), and Police Captain Tom Connelly ("Connelly") (collectively "Defendants") move for an order of summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The Court has read the moving and responding papers and has considered the arguments of counsel presented on October 14, 2005, as well as supplemental briefing submitted after the hearing. For the reasons set forth below, the Court will grant Defendants' motion for summary judgment.

///

---

[1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

On July 3, 2003, Los Altos Police Officers McCrossin and Connelly[2] arrested, cited and released Domingo Alvarez, Cruz Arenas, Willy Escobar, Joaquin Chavez, Miguel Estrada, Juan Florez, Hector Ortiz, and Jose Rodriguez (collectively "Plaintiffs") for trespassing on private property pursuant to former California Penal Code § 602(l).[3] Connelly Dec., ¶ 3; Opp. at 2. It is undisputed that the arrests were preceded by the following events: At approximately 8:56 a.m. on July 3, 2003, Connelly observed Plaintiffs "loitering" on private commercial property located at 4898 El Camino Real (the "Gundunas property"), on the corner of Jordan Avenue, in the City of Los Altos.[4] Connelly Dec., ¶¶ 2, 3. Plaintiffs, who are day laborers, were awaiting opportunities for employment. Connelly Dec., ¶ 3; Opp. at 2. Upon initiating contact with Plaintiffs, Connelly recorded their specific locations, noting that two of the Plaintiffs were seated on a porch which accessed the building and six of the Plaintiffs were standing on an asphalt driveway near the rear of the building. Connelly Dec., ¶ 9, Exs. C1-C4. Connelly also noted that Plaintiffs were not near one of the surrounding public sidewalks, which were located at the front and rear of the Gundunas property. *Id.* For purposes of the present motion, Plaintiffs do not dispute that McCrossin and Connelly reasonably believed that Plaintiffs were standing or sitting on private property at the time the citations were issued.[5] Opp. at 3.

---

[2] Los Altos Police Officer Brent Butler provided assistance in issuing citations to Plaintiffs. Connelly Dec., ¶ 11. However, Officer Butler is not named as a defendant in the present action.

[3] In 2003, the Legislature amended California Penal Code § 602, resulting in the redesignation of subdivision (l) as subdivision (m).

[4] Plaintiffs were issued citations solely for criminal trespass. There is no indication or suggestion that Plaintiffs were engaged in other unlawful conduct on July 3, 2003. The citations ultimately were dismissed at the request of the Santa Clara County District Attorney's office.

[5] Although they assert that they actually were standing or sitting on *public* property at the time of the arrests, Plaintiffs do not believe that this disputed issue of fact is material to the ultimate question presented by Defendants' motion for summary judgment. Opp. at 3. Even if they were standing or sitting on private property, Plaintiffs contend they did not "occupy" the property as required by former California Penal Code § 602(l). *See infra*, Section III.A.

At the time Connelly observed Plaintiffs on July 3, 2003, he was aware that Louis Gundunas, the property owner at 4898 El Camino Real, had complained to the City regarding prior trespasses on his property on at least seven occasions during the first half of 2003. Connelly Dec., ¶ 4. Mr. Gundunas previously had informed the City that trespassers had caused damage to the building and landscaping, had discarded trash on the property, and had scared away customers. *Id*. On several occasions prior to July 3, 2003, Mr. Gundunas had spoken personally with Connelly and Officer Brent Butler regarding the ongoing trespassing issues at his property. *Id*., ¶ 5. Connelly advised Mr. Gundunas to post "No Trespassing" signs on the property and to contact the police when individuals were loitering or causing problems on the property. *Id*. On July 3, 2003, the Gundunas property was posted with four "No Trespassing" or "Private Property" signs. Connelly Dec., ¶ 5, Exs. C5-C6.

Connelly previously had encountered Plaintiff Juan Florez on the Gundunas property and had issued him a warning about trespassing. Connelly Dec., ¶ 6. In addition, Connelly had observed at least three of the Plaintiffs "loitering" on the Gundunas property in the past. *Id*., ¶ 8. On June 17, 2003, Los Altos Police Officers Sweezy and Corkern encountered Plaintiff Cruz Arenas on the Gundunas property and had issued him a warning about trespassing. *Id*.

Based on the July 3, 2003 incident, Plaintiffs filed suit against the City, McCrossin, and Connelly under 42 U.S.C. § 1983 ("Section 1983") for violation of Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. Plaintiffs contend that it was unreasonable for McCrossin and Connelly to arrest and cite them for criminal trespass under the facts presented. Opp. at 5. Defendants now move for summary judgment.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

3

317, 323 (1986).

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id*. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

### III. DISCUSSION

Defendants move for summary judgment on two grounds. First, McCrossin and Connelly contend that they are insulated from liability under the doctrine of qualified immunity. Second, the City argues that it is not liable under 42 U.S.C. § 1983 for the individual actions of McCrossin and Connelly because the officers were not acting pursuant to any City policy or custom when they arrested Plaintiffs.

**A.     Entitlement to Qualified Immunity**

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).[6] The rule of qualified immunity "'provides ample protection to all but the plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "Therefore, regardless of

---

[6] Qualified immunity therefore is limited to actions for damages against a government official in his individual capacity; it is not available to a government entity when an official is sued in his official capacity. *See Brandon v. Holt*, 469 U.S. 464, 472-73 (1985); *Owen v. City of Independence*, 445 U.S. 622, 651 (1980), nor is it available when the only relief sought is injunctive. *See American Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991).

whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

A court considering a claim of qualified immunity first must determine whether the facts as alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right. *See Saucier*, 533 U.S. at 201; *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. On the other hand, if a violation could be made out on the allegations, the next sequential step is to ask whether the right was "clearly established."[7] *Saucier*, 533 U.S. at 202; *Sorrels*, 290 F.3d at 969. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id*. Moreover, even if the violated right is clearly established, the officer is entitled to the qualified immunity defense if "the officer's mistake as to what the law requires [was] reasonable."[8] *Id*. at 205.

In the instant action, Plaintiffs argue that it was not objectively reasonable for McCrossin and Connelly to arrest and cite them under former California Penal Code § 602(l). Under that statute, the following conduct is unlawful: "Entering and occupying real property or structures of any kind without the consent of the owner, the owner's agent, or the person in lawful possession." Plaintiffs argue correctly that Section 602(l) requires the *occupation* of real

---

[7] The plaintiff bears the burden of proving the existence of a "clearly established" right at the time of the allegedly impermissible conduct. *Maraziti v. First Interstate Bank*, 953 F.2d 520, 523 (9th Cir. 1992).

[8] The defendant bears the burden of establishing that his actions were reasonable, even if he violated the plaintiff's constitutional rights. *Doe v. Petaluma City School Dist.*, 54 F.3d 1447, 1450 (9th Cir. 1995).

property, construed as a "non-transient, continuous type of possession." *See People v. Harper*, 269 Cal. App. 2d 221, 222 (1969) (holding that a burglar establishes only transient possession and therefore does not commit criminal trespass under Section 602(l)); *People v. Wilkinson*, 248 Cal. App. 2d Supp. 906, 909-910 (1967) (holding that an unauthorized overnight stay on a private beach by a group of campers did not amount to a criminal trespass under Section 602(l)). Applying this principle to the facts at hand, Plaintiffs contend that an objectively reasonable police officer could not believe that they were "occupying" the Gundunas property as required by Section 602(l). Accordingly, Plaintiffs argue that McCrossin and Connelly are not entitled to qualified immunity.

Although Section 602(l) has been judicially construed to require non-transient and continuous possession in order to establish a trespass, the Court concludes that a reasonable police officer could have believed that Section 602(l) was applicable to Plaintiffs' conduct. "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Saucier*, 533 U.S. at 205. "It is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Id*. Here, the decision to arrest Plaintiffs was made with full knowledge of the property owner's numerous prior complaints and the officers' own prior observation of certain Plaintiffs on the Gundunas property. There is no indication that a reasonable police officer necessarily would have been aware of the judicial construction of "occupying" as used in Section 602(l). Accordingly, the Court concludes that it was not objectively unreasonable for McCrossin and Connelly to arrest and cite Plaintiffs for criminal trespass in violation of Section 602(l).[9] The Court will grant summary judgment in favor of

---

[9] Having considered the supplemental briefs filed by the parties, the Court is not persuaded that McCrossin and Connelly could have arrested Plaintiffs under California Penal Code § 602(j), which prohibits: "Entering any lands, whether unenclosed or enclosed by fence . . . with the intention of interfering with, obstructing, or injuring any lawful business or occupation carried on by the owner of the land, the owner's agent or by the person in lawful possession." There is no evidence indicating that Plaintiffs *intended* to interfere with or injure the businesses located on the Gundunas property. Rather, the record is clear that Plaintiffs were simply awaiting opportunities for employment.

1  McCrossin and Connelly.

2  **B.     Applicability of Respondeat Superior or Vicarious Liability**

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. In examining municipal liability under Section 1983, a court must determine "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiffs' allegation that the City has a policy aimed at curbing the ability of day workers to pursue employment is based entirely upon the fact that the City enacted an "anti-solicitation" ordinance several years prior to the events at issue in this litigation.[10] Plaintiffs note that in August 2002, this Court issued a preliminary injunction precluding enforcement of the "anti-solicitation" ordinance. Plaintiffs therefore conclude that the connection between the arrests prompting this litigation and the unconstitutional ordinance is "readily manifest." Opp. at 10. However, by merely directing the Court's attention to the former "anti-solicitation" ordinance,

---

[10] Plaintiffs do not identify the section number of the "anti-solicitation" ordinance, nor do Plaintiffs provide the Court with the text of the statute. The Court assumes that the "anti-solicitation" ordinance referred to by Plaintiffs is former Los Altos Municipal Code ordinance 9.12.020, which read:

> It shall be unlawul for any person occupying a vehicle, whether driver or passenger, in the roadway in a posted no vehicle solicitation zone to solicit, or attempt to solicit, any person standing, sitting, walking or riding any nonmotorized conveyance, within the public right of way.
>
> It shall be unlawful for any person, while standing, sitting, walking, or riding any non-motorized conveyance within the public right of way, in a posted no vehicle solicitation zone, to solicit or attempt to solicit any person traveling in a vehicle within the roadway.

Reply at 12-13.

Plaintiffs have not produced sufficient evidence to establish a direct causal link between the alleged unlawful arrests and a City policy or custom directed at curbing the ability of day workers to pursue employment.  As Defendants convincingly point out, the "anti-solicitation" ordinance no longer was in effect when Plaintiffs were arrested on July 3, 2003, and there is no evidence that the City was enforcing the ordinance in violation of this Court's August 2002 injunction.[11] Moreover, to the extent that Plaintiffs argue that the ordinance is indicative of a broader informal policy or custom aimed at prohibiting loitering by day laborers, the Court concludes that Plaintiffs' allegation is unsupported by any evidence in the record.  Indeed, the undisputed facts demonstrate that McCrossin and Connelly arrested Plaintiffs under the reasonable belief that Plaintiffs were trespassing, only after receiving complaints from Louis Gundunas on at least seven occasions and after issuing personal warnings to individuals loitering on the Gundunas property, including at least two of the Plaintiffs.  The facts do not suggest that Plaintiffs' status as day laborers motivated McCrossin and Connelly to make the arrests.  Accordingly, Plaintiffs have failed to demonstrate that there is a genuine issue of material fact for trial as to the City's liability under Section 1983.[12]  The Court will grant summary judgment in favor of the City.

## IV. ORDER

Defendants' motion for summary judgment is GRANTED.

DATED: December 2, 2005

       /s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

---

[11] The ordinance subsequently was amended as part of a settlement of the civil suit challenging the constitutionality of the ordinance.

[12] Plaintiffs' request for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure is denied.  Plaintiffs have failed to show that they could not have conducted discovery as to the City's alleged policy or custom of violating the rights of day laborers.

1  This Order has been served upon the following persons:

3  Counsel for Plaintiffs

4  bcbrereton@aol.com

6  Counsel for Defendants

7  tschmal@bvsllp.com

8  jpl@bvsllp.com

9

Case No. C 04-03182-JF
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(JFEX1)